IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DWIGHT D. TODD                                                               PLAINTIFF

V.                                   CASE NO. 5:20-CV-5023

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY                                                           DEFENDANT

OPINION AND ORDER

The matter before the Court arises out of damage to four chicken houses owned

by Plaintiff Dwight Todd that occurred during a windstorm on or about December 1, 2018.

It appears undisputed that Mr. Todd's chicken houses were insured against wind damage

by Defendant Nationwide Agribusiness Insurance Company ("Nationwide"), because

Nationwide made two payments to Mr. Todd, totaling about $3000.00, for wind damage

to the chicken houses as assessed by Nationwide's field adjuster.

Dissatisfied with Nationwide's assessment, Mr. Todd filed suit against the

insurance company in the Circuit Court of Benton County on October 28, 2019, alleging

additional covered damages from the windstorm of $40,800.00. Nationwide was served

with this initial state-court complaint on November 1, 2019, but did not respond within the

30 days provided by the state rules of civil procedure, and on December 6, 2019, the

Circuit Court set a hearing for default testimony on its own motion. On December 26,

2019, Mr. Todd filed an amended complaint in Benton County Circuit Court, now seeking

more than $260,000.00 in damages for wind damage to his chicken houses. The

amended state-court complaint begins by noting that a hearing on default testimony has

been set and that Defendant is in default, and then sets out the amended complaint. On

January 14, 2020, Nationwide filed a timely response to the amended complaint. Shortly

thereafter, Nationwide filed a motion to set aside default judgment in the state court and then removed the matter to this Court.

This Court held a case management hearing on April 13, 2020, during which it questioned the parties as to the status of this default issue. The parties acknowledged that there had not been an order of default below and that the issue remained pending. The Court indicated that it wished to resolve the issue to avoid lingering confusion and directed that if Mr. Todd wanted to assert that Nationwide was in default, he should file a motion to that effect within 30 days for the Court's ruling. On May 8, Mr. Todd filed the instant Motion for Default Judgment. (Doc. 25). Nationwide filed a Response opposing the Motion. (Doc. 26). For the following reasons, Mr. Todd's Motion (Doc. 25) is **DENIED**.

Since the state court set a hearing on the matter of default but never entered default judgment, the Court's first consideration is whether Nationwide should in fact be considered in default with regard to the issue of liability laid out in the original complaint, despite the fact that Nationwide subsequently filed a timely response to Mr. Todd's amended complaint. Under Arkansas law, an amended complaint, "unless it adopts and incorporates the original complaint, supersedes the original complaint." *James v. Williams*, 270 S.W.3d 855, 860 (Ark. 2008) (quoting *Edward J. DeBartolo Corp. v. Cartwright*, 916 S.W.2d 114, 116 (Ark. 1996)). There is no language explicitly adopting and incorporating the original complaint in Mr. Todd's amended complaint. However, Mr. Todd argues that references in the amended complaint to the original complaint and its associated exhibits should be read by the Court to incorporate and adopt the original complaint in the amended complaint. The relevant state case law does not provide the Court with much guidance as to what is necessary to adopt and incorporate a prior

2

complaint. Nevertheless, the Court is inclined to conclude that the references to the original complaint and its exhibits do not adopt and incorporate its contents. To the contrary, the fact that the first six paragraphs of the amended complaint are basically identical to the original complaint suggests that the amended complaint was intended to supersede, rather than merely supplement, the original complaint.

Even if the Court held that Nationwide's failure to timely respond to the original complaint placed it in default, the Court would also find that there is an adequate basis to set aside the default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The Eighth Circuit has observed that "[t]here is a 'judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993)). Similarly here, though a hearing had been set on the matter of default in the state court, Nationwide responded before the hearing was held and has shown itself eager to defend the case on the merits.

The Eighth Circuit directs a court to consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused" in deciding whether to provide relief from an entry of default or default judgment. *Id*. The Court finds that the failure to timely respond to the original state-court complaint was not blameworthy or culpable. The Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural

rules, and a 'marginal failure' to meet pleading or other deadlines" and granted relief "for marginal failures when there were meritorious defenses and an absence of prejudice." *Id.* Here, there is no indication that Nationwide acted in bad faith in failing to file a timely response. Rather, the company had systems in place for addressing litigation that malfunctioned because of an oversight by an individual employee. This can certainly be considered a "marginal failure" as described above.

Next, the Court finds that Nationwide has offered a meritorious defense. The Court does not determine who prevails on the merits of the matter, but rather "whether the proffered evidence would permit a finding for the defaulting party." *Id.* at 785. Nationwide indicates that it has expert testimony that the damage for which Mr. Todd is seeking coverage was caused by "widespread nail withdrawal on the roof slopes that was long term in nature and due to temperature changes, expansion and contraction, and long term water intrusion through nail holds cased deterioration of the rafters in the buildings." (Doc. 26, p. 4). This assertion, if found to be credible by the factfinder, along with the quoted provisions of the insurance policy excluding from coverage damage due to wear and tear, deterioration, or inadequate repair or maintenance, among other causes, *see id.* at p. 5–6, would permit a finding that Nationwide owed no further coverage to Mr. Todd.

Finally, there would be no prejudice to Mr. Todd in setting aside a default that might otherwise be available. The Eighth Circuit requires that there must be concrete prejudice such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson* at 785. Mr. Todd has made no claim of prejudice should he be denied a default judgment, nor does the Court see any. In fact, both parties seem to agree that there is little or nothing of substance that hangs on whether or not a default

4

judgment is entered on the matter of liability. At the case management hearing, the Court

summarized the posture as follows:

> A wind damage claim has been made, and I'm not hearing any disputed fact that there was a covered occurrence that had some sort of impact or caused damages to some extent to the covered property. What I hear the defendant saying is that the extent of the wind damage by the covered occurrence was minor and that they paid the claim in accordance with the damage that they believe was caused by the occurrence. And they deny that any other asserted damages were caused by the wind occurrence. Is that fair, Mr. Reviere?

To which counsel for Nationwide, Mr. Reviere, responded, "Yes, sir, that is fair." Thus, the

Court is assured that the Defendant is not resisting default judgment in order to change

its position as to whether the windstorm was a covered event that caused damage to the

property. The dispute was and will remain purely the extent of the damage done by the

windstorm as opposed to some other excluded cause.

For these reasons, Mr. Todd's Motion for Default Judgment (Doc. 25) is **DENIED**.

**IT IS SO ORDERED** on this ___17th___ day of June, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE